W.D. BRUNER, Plaintiff–Respondent,

v.

WORKMAN OIL COMPANY, Joe Vinson and Carol Vinson, d/b/a Chrisman LP and Chrisman Oil, Defendants–Appellants.

No. 24106.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 2002.

Dennis P. Wilson, Parsons & Wilson, P.C., Dexter, for Appellants.

H. Riley Bock, Bock & Jones, Lewis H. Recker, Lynn N. Bock, New Madrid, for Respondent.

JOHN E. PARRISH, Judge.

Appellants Workman Oil Company, a corporation, Joe Vinson, and Carol Vinson appeal a judgment rendered in a case initiated by respondent W.D. Bruner. Respondent's petition sought an accounting with respect to money of Workman Oil Co. that respondent alleged had been diverted to the Vinsons (Count I), and imposition of a constructive trust for the benefit of the corporation on certain real estate owned by the Vinsons (Count II). Appellants sought an accounting by respondent for "funds, assets, labor, goods and merchandise" of Workman Oil Co. (Counterclaim Count I), and damages from respondent for "funds, assets, labor, goods and merchandise of Workman Oil Company converted and appropriated by W.D. Bruner" (Counterclaim Count II). In Counterclaim Count II, Workman Oil Co. sought a money judgment.[1] Counterclaim Count II asserted that Workman Oil Co. believed the amount it was owed was "at least Two

---

1. An action for accounting is normally tried in two bifurcated phases. The first stage determines whether there is a right to an accounting. If so, an interlocutory order would generally be entered establishing the right to the accounting. Thereafter, the actual accounting would be held as a second stage of the proceeding. *Fleahman v. Fleahman,* 25 S.W.3d 162, 164 (Mo.App.1999). Counterclaim Counts I and II were treated as a single action for accounting. They were tried on the same date as part of a single proceeding. Trying an action for accounting as part of a single trial is an acceptable, although not the usual, practice. *See Thomas v. Lloyd,* 17 S.W.3d 177, 188–89 (Mo.App.2000).

Hundred Fifty Thousand Dollars ($250,-000.00)."

The trial court judgment recites, "Plaintiff [respondent in this appeal] is awarded judgment for 10% of the amounts paid by Workman Oil on ... insurance, improvements and taxes on the Vinson's [sic] property, plaintiff's total damages equal $127,740.12." It further states:

Defendants are awarded judgment on their counterclaim in the amount of $55,106.22 representing balances on the Hickory Village and Four Way account and $26,895.02 representing ninety percent of the amount paid on the insurance policy. Their total damages are $82,001.25. Defendants are awarded judgment on their counterclaim against plaintiff in the total amount of $82,001.25.

The judgment then declares, "All of the claims sought by plaintiff or defendants in this case not specifically addressed herein are denied." This court affirms the judgment, as modified, in part; reverses the judgment in part; and remands with directions.

### The Form of the Judgment

The judgment the trial court entered is confusing. It refers to a "judgment" for plaintiff and, separately, to a "judgment" for defendants notwithstanding that there was but one trial. "Where ... separate trials were not ordered or had, there should be only one final judgment which should dispose of all parties and all issues." *M.F.A. Central Cooperative v. Harrill,* 405 S.W.2d 525, 530 (Mo.App. 1966) (citation omitted). *See also White River Development Co. v. Meco Systems, Inc.,* 837 S.W.2d 327, 334 (Mo.App.1992).

Where multiple claims for money judgment are tried, albeit by reason of multiple counts in a petition or one or more counts in a petition and one or more counts in a counterclaim, there should be separate findings upon each claim. "[N]evertheless one final judgment should be entered, which in the usual practice, recites the respective findings, and concludes with a judgment for the party in whose favor the greater finding was made, and for a sum which represents the excess over that found for his adversary." *Rehm v. Fishman,* 395 S.W.2d 251, 255 (Mo.App. 1965). The fact that there are multiple claims with different parties in the various claims does not preclude entry of a judgment in this fashion. *White River Development Co. v. Meco Systems, supra.*

The trial court did not address, with specificity, the relief sought by Count II of the petition, the claim for imposition of a constructive trust on certain real estate. The judgment declares, apparently for the purpose of satisfying the requirement of disposing of "all the claims and the rights and liabilities of all the parties" as required by Rule 74.01(b), that "[a]ll of the claims sought by plaintiff or defendants in this case not specifically addressed herein are denied."[2] Although this court does not encourage this practice as a means of disposing of otherwise unidentified claims, under the circumstances of this case, it suffices as a disposition of Count II of the petition.

### Standing

Count I of respondent's petition recites he "is and at all times ... mentioned was a minority shareholder owning 10% of the stock in ... Workman Oil Co." In Count I, respondent sought an accounting

---

2. "In formulating a judgment in a multi-count case, it is helpful to identify the specific counts presented by the pleadings and enunci-

ate particular findings with respect to each count." *Watson v. Moore,* 983 S.W.2d 208, 209 (Mo.App.1999).

for "disposition of funds and assets of Workman Oil Co." The petition alleged that corporate funds of Workman Oil Co. had been diverted to benefit its majority shareholders, Joe Vinson and Carol Vinson. It requested that Joe Vinson and Carol Vinson "account for and repay ... money improperly diverted." The trial court awarded respondent damages in the amount of $127,740.12 representing "10% of the amounts paid by Workman Oil on insurance, improvements and taxes on the Vinson's [sic] property." This was error in that respondent lacked standing to maintain a personal action for recovery of assets of the corporation.

■ Standing is akin to jurisdiction over the subject matter. *State ex rel. Mathewson v. Board of Election Com'rs of St. Louis County*, 841 S.W.2d 633, 634 (Mo. banc 1992). It cannot be waived. *Querry v. State Highway & Transp. Com'n*, 60 S.W.3d 630, 634 (Mo.App.2001). It may be raised at any time by a party or *sua sponte* by the court. *Mathewson, supra; Hinton v. City of St. Joseph*, 889 S.W.2d 854, 857 (Mo.App.1994); *Sher v. Chand*, 889 S.W.2d 79, 84 (Mo.App.1994); *Board of Regents v. Harriman*, 792 S.W.2d 388, 394 (Mo.App.1990).

■ An individual shareholder does not have standing to maintain a personal action for recovery of corporate funds. *21 West, Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858 (Mo.App.1995), explains:

Corporate shareholders cannot maintain personal actions for recovery of improperly diverted or appropriated funds or property of the corporation. *Dawson v. Dawson*, 645 S.W.2d 120, 125 (Mo.App. W.D.1982). Any injury is to the corporation, not to individual shareholders; suit must be brought derivatively. *Id.*

*Id.* at 871.[3]

■ "The courts have adopted this rule because, since the wrong is against the corporation, judgment in favor of one stockholder would be no bar to the maintenance of additional actions for the same wrong to the corporation by other shareholders or by a creditor." *Centerre Bank of Kansas City v. Angle*, 976 S.W.2d 608, 613 (Mo.App.1998).

[T]he rule requiring shareholders to bring derivative actions is not only to protect other shareholders, but also to protect creditors of the corporation. "Creditors of corporations can be injured by absconding corporate officers as easily as shareholders. Derivative suits protect creditors [sic] interests because any recovery goes to the corporation, not the shareholder. Thus, even if all shareholders injured by corporate theft join in one suit, the suit must still be on the behalf of the corporation." *Peterson v. Kennedy*, 791 S.W.2d 459, 464 (Mo.App.1990).

*Id.* at 615. Even when a court is not aware of corporate creditors, there is no exception to the requirement that an action by a shareholder seeking recovery for a wrong done to the corporation must be brought as a derivative action rather than as an individual action. *Id.*

The part of the judgment that awarded damages to respondent must be reversed. The case must be remanded to permit respondent an opportunity to pursue recovery through a derivative action in the event he chooses to do so.

Where a plaintiff has from the outset misconceived the law and has chosen a

**3.** Rule 52.09 prescribes the procedure a shareholder must follow in order to bring a

derivative action.

mistaken legal theory to submit ... for redress, we may reverse the judgment ... and remand the cause to allow the plaintiff to plead and to submit another theory. We do so, however, where the evidence shows the plaintiff may recover upon another theory. And, we do so because the plaintiff's counsel has missed completely the appropriate theory. Simple fairness requires the plaintiff be given a meaningful day in court. *Id.* at 615, quoting *Blaine v. J.E. Jones Constr. Co.*, 841 S.W.2d 703, 710 (Mo.App. 1992).

 This court further notes in reviewing the question of standing, that the part of the judgment entered in favor of appellants on their counterclaims awarded damages in the amount of $82,001.25 to "defendants." As discussed, *supra,* individual shareholders may not recover damages for diversion of corporate assets. The judgment should have limited the award of damages on appellants' counterclaims for diversion of corporate assets to Workman Oil Co. This court is permitted by Rule 84.14 to "give such judgment as the [trial] court ought to give." The part of the judgment that awarded damages on appellants' counterclaims must be modified to award damages solely to Workman Oil Co. On remand, the trial court will be directed to delete "defendants" as the parties in favor of whom judgment on the counterclaims was awarded and to substitute therefor, "defendant Workman Oil Co."[4]

In view of the opportunity afforded respondent on remand to plead a derivative action with respect to Count I of his petition, the trial court is further directed, on remand, to afford appellants Joe Vinson and Carol Vinson, in the event they so request, the opportunity to plead such further derivative claims as the trial court, in its discretion, may deem appropriate.

Point III of this appeal is moot due to the disposition herein with respect to the issue of standing.[5]

### Points I and II

Points I and II contend the trial court erred in failing to award prejudgment interest on the damages awarded on appellants' counterclaims. Point I is directed to the part of damages attributed to accounts respondent was found to owe "on the Hickory Village and 4–Way Accounts." Those accounts related to businesses respondent operated that did business with Workman Oil Co. Point II is directed to the damages awarded for the amount of Workman Oil Co.'s money with which respondent paid premiums on a life insurance policy for himself.

 Appellants' counterclaims were an action for an accounting. *See* n. 1, *supra.* An action for accounting is an action in equity. *Dahlberg v. Fisse,* 328 Mo. 213, 40 S.W.2d 606, 609 (1931); *Meyer v. Lofgren,* 949 S.W.2d 80, 84 (Mo.App. 1997). "In equitable actions, the determination of whether to award prejudgment

4. Respondent did not appeal. Nevertheless, the findings with respect to Count I of the petition and appellants' counterclaims involve a single principal issue, viz., the conduct of the individual parties and the corporation in the use of its assets. The issue of standing requires that the parts of the judgment directed to appellants' counterclaims and to Count I of respondent's petition be consistent. *Portell v. Pevely Dairy Co.,* 388 S.W.2d 790, 793 (Mo.1965); *Bramblett v. Harlow,* 75 S.W.2d 626, 633 (Mo.App.1934).

5. Point III contends the trial court erred in finding appellants liable to respondent for 10% of the debts of Mr. and Mrs. Vinson the trial court found were paid with corporate assets without requiring respondent to account for other payments made to the corporation because respondent, "as the manager of Workman Oil Company, was obligated to keep complete and accurate records," but failed to produce records before the trial court.

interest is left to the discretion of the trial court." *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d at 872. Failure to award prejudgment interest in equitable actions is reviewed only to determine if an abuse of discretion occurred. *Id.* This court finds no abuse of discretion in this case. Points I and II are denied.

### *Disposition*

The part of the judgment that awarded respondent damages on Count I of his petition is reversed. The part of the judgment that denied recovery on Count II of the petition is affirmed. The part of the judgment on the counterclaims in favor of "defendants" is ordered modified by deleting "defendants" as the parties in whose favor money judgment was entered and substituting "defendant Workman Oil Company" as the party to which money damages are awarded, and that part of the judgment is affirmed as modified. The case is remanded with directions that the trial court conduct such further proceedings as are consistent with this opinion.

PREWITT and RAHMEYER, JJ., concur.