**STATE of Missouri, ex rel. Ronald J. MINK,**

**Kosmo Properties, LLC,**

**and**

**King, Krehbiel, Hellmich, Hentz & Borbonus, LLC, Relators,**

v.

**The Hon. Barbara W. WALLACE, Judge of the Twenty–First Judicial Circuit (St. Louis County) State of Missouri, Respondent.**

No. ED 81629.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 22, 2002.

been renumbered as subsection 3.

Elkin L. Kistner, St. Louis, MO, for Ronald Mink.

William Arnold Hellmich II, St. Louis, MO, for Kosmo Properties, LLC, and King, Krehbiel, Hellmich, Hentz & Borbonus, LLC.

Kevin M. O'Keefe, Eric David Martin, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Presiding Judge.

Relators have filed a petition for a writ of prohibition and suggestions in support. Respondent has filed suggestions in opposition. As permitted by Rule 84.24(j), we dispense with the filing of an answer, further briefing and argument and issue our peremptory writ of prohibition.

As required by the terms of its City Charter, the City of Maplewood ("Maplewood") must submit to the voters of Maplewood the issue of whether two ordinances authorizing a proposed development should be repealed. The City Charter requires that the issues be submitted for a vote not less than thirty

nor more than one hundred and twenty days after action by the City Council refusing to repeal the ordinances in response to a referendum petition. That occurred on July 31, 2002. On that same date, the City Council designated September 17, 2002 as the date for the special election to determine the issue.

Section 115.125.1 RSMo 2000 [1] normally requires a city to provide notice to the Board of Election Commission ("Board") no later than ten Tuesdays before an election. A city may, however, apply to a court for an order requiring the Board to accept notice only six Tuesdays before the election. Because there were fewer than ten but more than six Tuesdays remaining between the action of the City Council and the election date selected, on August 1, 2002, Maplewood filed a petition seeking an order requiring the Board to accept its notice and to conduct the proposed special election. The Board filed an answer opposing the petition on August 2, 2002. That same day, Respondent entered an order granting the relief requested by Maplewood.

On August 12, 2002, Relators, who are voters and/or taxpayers and/or owners of property in the proposed development area, filed motions to intervene and a request for reconsideration of Respondent's order. Respondent granted the motions to intervene but denied the request for reconsideration.

Relators seek a writ of prohibition to prohibit Respondent from enforcing her order on the ground that it is contrary to section 115.123, which provides in pertinent part:

**115.123. Public elections to be held on Tuesdays, exceptions**

1. All public elections shall be held on Tuesday. Except as provided in subsections 2, 3, 4 and 5 of this section, and section 247.180, RSMo, all public elections shall be held on the general election day, the primary election day, the general municipal election day, the first Tuesday after the first Monday in February or November, or on another day expressly provided by city or county charter.

5. No city or county shall adopt a charter or charter amendment which calls for elections to he held on dates other than those established in subsection 1 of this section.

■■■■ Before addressing the merits of Relators' contention, we must first address Respondent's contention that Relators lack standing to seek a writ of prohibition. Standing is the requisite interest that a person must have in a controversy before the court. *Missouri Nat'l Educ. Ass'n v. Missouri State Bd.*, 34 S.W.3d 266, 275 (Mo.App. W.D.2000). "Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *City of St. Louis v. K&K Investments, Inc.*, 21 S.W.3d 891, 895 (Mo.App. E.D.2000). "The party must be sufficiently affected so as to insure that a justiciable controversy is presented to the court." *Shannon v. Hines*, 21 S.W.3d 839, 841 (Mo.App. E.D.1999). Lack of standing cannot be waived, and without it a court has no power to grant the relief requested. *Querry v. State Highway and Transp. Comm'n*, 60 S.W.3d 630, 634 (Mo.App. W.D.2001). Standing may be raised at any time by a party or *sua sponte* by the court. *Bruner v. Workman Oil Co.*, 78 S.W.3d 801, 804 (Mo.App. S.D.2002).

Respondent urges that Relators' right to vote is not being infringed because the

---

**1.** All statutory references are to RSMo 2000.

order in question only affects the timing of the vote. According to Respondent, only the Board has the standing to protest the order at issue. We disagree. Respondent does not dispute the fact that Relator Kosmo Properties, LLC owns property in the proposed development area. This is sufficient to confer standing to contest whether an election which would potentially cause it to lose that property is being properly conducted in accordance with state law.[2] Having determined that at least one of the Relators has standing, further discussion would serve no useful purpose.

■ Relators claim that Respondent's order authorizing the election to be held on September 17, 2002 is contrary to section 115.123 because it is not one of the days specified for the conduct of elections set forth in section 115.123.1, nor is it "another day expressly provided by city or county charter." Respondent, however, claims that the Maplewood City Charter does expressly provide for "another day." Respondent relies on the following provision of the Maplewood City Charter:

### Section 11.6 Action on petitions.

*(a) Action by council.* (Initiative and Referendum). When an initiative or referendum petition has been finally determined sufficient, the Council shall promptly consider the proposed initiative ordinance in the manner provided in Article III or reconsider the referred ordinance by voting its repeal. If the Council fails to adopt a proposed initiative ordinance without any change in substance within sixty (60) days or fails to repeal the referred ordinance

within thirty (30) days after the date the petition was finally determined sufficient, it shall submit the proposed or referred ordinance to the voters of the City.

*(b) Submission to voters.* The vote of the City on a proposed or referred ordinance shall be held *not less than thirty (30) days nor more than one hundred twenty (120) days from the date of the final Council vote thereon. If no regular city election is to be held within the period described in this subsection, the Council shall provide for a special election; otherwise, the vote shall be held at the same time as such regular election except that the Council may in its discretion provide for a special election at an earlier date within the prescribed period.* Copies of the proposed or referred ordinance shall be made available at the polls.

(emphasis added)

Contrary to Respondent's interpretation, this provision does not expressly provide for another day within the meaning of section 115.123.1. No one reading the Maplewood City Charter could determine the day upon which the special election will be held. Rather, the Maplewood City Charter delegates to the City Council the selection of the day for the special election, which must occur within a specified ninety day period. This is not an express provision of "another day" within the meaning of section 115.123. Moreover, because the general election day, November 5, 2002, falls within the thirty to one hundred twenty day window specified in the City Charter, the City Council was clearly au-

---

**2.** Although Maplewood offers numerous reasons why time is of the essence in resolving the issue presented in the referendum vote, we note that failure to judicially resolve the issue presented by Relators would, at best, leave a serious legal cloud over the proposed development if it was approved by voters in an election conducted in contravention of state law.

thorized by the charter to select that day as the day for the special election. Because the City Charter clearly permits the City Council to hold the election on one of the days specified in section 115.123, it cannot be said to expressly provide for "another day."

Accordingly, we hold that Respondent exceeded her authority in ordering that the special election be held on September 17, 2002 in contravention of the clear requirements of section 115.123. We therefore enter our peremptory writ of prohibition and direct Respondent to vacate the order of August 2, 2002. Because there are ten Tuesdays remaining before the general election day on November 5, 2002, the relief requested in the petition is no longer necessary. Accordingly, we further direct Respondent to dismiss the petition.

ROBERT G. DOWD, JR., and MARY K. HOFF, JJ., Concur.