Jerry COOK, Appellant,

v.

Linda COOK, Respondent.

No. WD 63209.

Missouri Court of Appeals, Western District.

Sept. 14, 2004.

Stephen C. Caruso, Kansas City, MO, for appellant.

Linda Cook Austin, Respondent pro se, Boise, ID.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge, and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Jerry Cook, M.D., appeals from a judgment entered in the Circuit Court of Platte County dismissing his petition for damages against his former wife, Linda Cook. The trial court found that Appellant's claim that his wife had converted funds while acting as the office manager for his medical practice was barred by principles of *res judicata* and collateral estoppel because that issue had been addressed in the couple's dissolution action.

Appellant and Respondent were married in August 1983. In 1988, Respondent went to work for Jerry Cook, M.D., P.C., d/b/a the Northland Eye Clinic, as the office manager.

On February 2, 1999, Respondent filed a petition for dissolution and a petition for order of protection against Appellant. The order of protection was subsequently granted.

The Circuit Court heard testimony on the dissolution petition during a series of hearings in June, July, and August 2000, after which a decree of dissolution was entered. Subsequently, the court granted Appellant's motion for new trial and set aside that decree. Following a new trial, the circuit court entered its new order of judgment and decree of dissolution on May 4, 2001. This Court affirmed that judgment on appeal. *Cook v. Cook*, 80 S.W.3d 908 (Mo.App. W.D.2002).

On February 7, 2003, Appellant filed a petition for fraud and conversion against Respondent. Respondent was served on April 20, 2003, and failed to file an answer to Appellant's petition. Appellant subsequently moved for a default judgment.

The court heard Appellant's motion for default judgment on July 3, 2003. During that hearing, Appellant testified that Respondent had been employed to serve as the office manager for Jerry Cook, M.D., P.C. in 1988 and that, in that capacity, she was in charge of all of the financial affairs of the front office. Appellant stated that, during the course of discovery in the dissolution case, he had learned that Respondent had deposited office revenues into a secret, personal account held by her, and that she had made unauthorized withdrawals from the company pension and profit sharing plan totaling $705,757.00. Appellant testified that, in making those unauthorized withdrawals, Respondent often forged Appellant's signature.

■ On July 8, 2003, the circuit court entered its judgment dismissing Appellant's petition with prejudice. In doing so, the court found that Appellant had previously raised the issue of Respondent having secreted marital assets during the dissolution case[1] and held that the issues raised in the present action were barred under principles of *res judicata* and collateral estoppel.[2] Appellant brings this appeal.

■ Before we may turn to Appellant's contentions on appeal, we must first address the issue of standing. "Standing is the requisite interest that a person must have in a controversy before the court." *State ex rel. Mink v. Wallace,* 84 S.W.3d 127, 129 (Mo.App. E.D.2002). " 'Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury.' " *Id.* (quoting *City of St. Louis v. K & K Invs., Inc.,* 21 S.W.3d 891, 895 (Mo.App. E.D.2000)). Absent standing, the court lacks the power to grant the relief requested. *Aufenkamp v. Grabill,* 112 S.W.3d 455, 458 (Mo.App. W.D.2003). Standing cannot be waived, may be raised at any time by the parties, and may even be addressed *sua sponte* by the trial court or an appellate court. *Id.* " '[I]f a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented.' " *Id.* (quoting *Farmer v. Kinder,* 89 S.W.3d 447, 451 (Mo. banc 2002)).

■ Appellant's testimony at trial reflects that his claims all relate to funds allegedly misappropriated by Respondent, in her capacity as office manager for Jerry Cook, M.D., P.C., from the corporate revenues of Jerry Cook, M.D., P.C. and from the corporation's pension and profit sharing plan. Appellant does not have standing to bring such claims in his individual capacity. " 'A shareholder is without standing to sue in his individual capacity for damages to the corporation.' " *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 868 (Mo.App. E.D.1995) (quoting *Around the World Importing Inc. v. Mercantile Trust Co.,* 795 S.W.2d 85, 91

---

1. The record does not contain copies of Appellant's motion for new trial or the final decree of dissolution, both of which the circuit court expressly relied upon in determining that the present action was barred under principles of *res judicata* and collateral estoppel.

2. Though collateral estoppel and *res judicata* are affirmative defenses, under certain circumstances, a circuit court may raise the issue *sua sponte. Patrick v. Koepke Constr., Inc. v. Woodsage Constr. Co.,* 119 S.W.3d 551, 555 (Mo.App. E.D.2003).

(Mo.App. E.D.1990)).[3] This is the case even if all of the shareholders join in the suit and the corporation does not have any creditors. *Bruner v. Workman Oil Co.*, 78 S.W.3d 801, 804 (Mo.App. S.D.2002).

Because Appellant lacked standing to bring the claims asserted, the trial court lacked jurisdiction to address the merits of the issues raised. Accordingly, the trial court erred in entering judgment in favor of Respondent based upon principles of *res judicata* and collateral estoppel, and should have, instead, dismissed the petition for lack of standing.[4] The judgment is reversed, and the cause is remanded to the trial court with directions to dismiss the petition for lack of standing.

All concur.

3. Professional corporations "have all the powers enumerated in the general business and corporation law of Missouri, chapter 351, RSMo," with certain exceptions inapplicable to this case. *§ 356.061.1*, RSMo 2000. Section 351.385, RSMo 2000, provides, in perti-

nent part, that corporations "shall have power: ... (2) To sue and be sued, complain and defend in any court of law or equity[.]"

4. Having reached this conclusion, we need not address Appellant's points on appeal.