

# Missouri Court of Appeals

## Southern District

### Division One

THEODORE PULLEN, EDGAR
PULLEN, FREDDIE PULLEN,
and ELISHA PULLEN,

    Plaintiffs-Appellants,

vs.

TIMOTHY FLOWERS, KIMBERLY
ANN FLOWERS, STANLEY C.
FLOWERS, TRUSTEE OF THE
STANLEY C. FLOWERS REVOCABLE
TRUST DATED 12/09/2005,
KENNETH R. BELL, DEBRA J. BELL,
and THE BELL FAMILY PARTNERSHIP,

    Defendants-Respondents.

No. SD34203

**Filed: October 19, 2016**

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Michael E. Gardner

## **AFFIRMED**

Theodore Pullen, Edgar Pullen, Freddie Pullen, and Elisha Pullen

("Plaintiffs") appeal from the trial court's dismissal of their petition. Plaintiffs'

petition included two claims involving the conveyance of a family farm property

owned by a closely held corporation to Timothy Flowers, Kimberly Ann Flowers,

and the Stanley C. Flowers Revocable Trust ("the Flowers Defendants") who

subsequently transferred the farm to Kenneth R. Bell, Debra J. Bell, and the Bell Family Partnership ("the Bell Defendants"). The trial court's dismissal is affirmed because Plaintiffs lack standing to maintain the present action.

### Factual and Procedural Background

Review of a trial court's grant of a motion to dismiss is de novo. ***White v. Bowman***, 304 S.W.3d 141, 147 (Mo. App. S.D. 2009). In conducting such review, the appellate court must "accept all properly pleaded facts as true, give them a liberal construction, and draw all reasonable inferences which are fairly deducible from the pleaded facts." ***Duvall v. Lawrence***, 86 S.W.3d 74, 78 (Mo. App. E.D. 2002). So viewed, these facts control our decision.

Josephus C. Pullen, Sr. ("Father") had nine children ("the children") and owned a 158-acre farm ("the property") in Stoddard County, Missouri. Among Father's children were J.C. Pullen, Jr. ("J.C."), Norris T. Pullen, Sr. ("Norris"), Bertha Luster ("Bertha"), and Everse Pullen ("Everse").[1] After Father died in 1972, the children inherited the farm, created a corporation known as Pullen Farm, Incorporated ("Pullen Farm"), and conveyed the property to Pullen Farm.

At some time not apparent from the record, Plaintiffs, two of whom are children of Norris and two of whom are children of J.C., became shareholders of Pullen Farm. By 2012, corporate documents listed Everse as President of Pullen Farm and Bertha as Secretary of Pullen Farm. On January 25, 2012, Everse and Bertha executed a deed on behalf of Pullen Farm conveying the property to the

---

[1] First names are used because many of the parties share the same surname. No disrespect is intended.

Flowers Defendants. Then, on September 7, 2012, the Flowers Defendants conveyed the property to the Bell Defendants.

On March 11, 2013, Plaintiffs sued the Flowers Defendants, the Bell Defendants, and Pullen Farm. That petition sought to set aside each of the deeds involved in the transactions described above and to quiet title to the property in Pullen Farm. The petition claimed Everse and Bertha were not officers of Pullen Farm because Pullen Farm had failed to follow its articles of incorporation in selecting them. The Flowers Defendants and the Bell Defendants moved to dismiss, arguing that the petition failed to state a claim based on applying Section 351.395 and that Plaintiffs lacked standing.[2] In response, Plaintiffs argued Section 351.400 applied to create a cause of action in their favor because Everse and Bertha "emptied the corporation out."[3] The trial court dismissed the petition without prejudice as it applied to the Flowers Defendants and the Bell Defendants but allowed the lawsuit to proceed as to Pullen Farm. The record is unclear as to the result of the 2013 lawsuit regarding Pullen Farm.

On October 21, 2014, Plaintiffs filed this lawsuit that is the subject of the present appeal against the Flowers Defendants and the Bell Defendants. The petition was the same as the 2013 petition except it completely removed Pullen Farm as a defendant and included three new paragraphs. On December 12, 2014,

---

[2] Section 351.395 provides that "[n]o act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer" and lists three ways a conveyance or transfer may be challenged which include (1) a proceeding by the shareholder against the corporation; (2) a proceeding by the corporation; (3) a proceeding by the attorney general. All statutory references are to RSMo (2000).

[3] Section 351.400 sets out the procedures by which a corporation may sell, lease, or dispose of all or substantially all of its property and assets when such sale, lease, or disposal is not in the ordinary course of business. That statute requires notice to the shareholders, a shareholders' meeting, and an "affirmative vote of the holders of at least two-thirds of the outstanding shares entitled to vote at such meeting[.]" §§ 351.400(2), 351.400(3).

the Flowers Defendants and the Bell Defendants moved to dismiss. They argued the petition should be dismissed on seven grounds, among them that Plaintiffs lacked standing. On October 29, 2015, the trial court dismissed the petition with prejudice as to both the Flowers Defendants and the Bell Defendants. Plaintiffs appeal.

## Discussion

The trial court correctly dismissed Plaintiffs' petition because Plaintiffs do not have standing to assert these claims against the Flowers Defendants and the Bell Defendants. "[S]tanding is a prerequisite to the court's authority to address substantive issues and so must be addressed before all other issues." *Schweich v. Nixon*, 408 S.W.3d 769, 774 n.5 (Mo. banc 2013). "Standing is the requisite interest that a person must have in a controversy before the court." *Cook v. Cook*, 143 S.W.3d 709, 711 (Mo. App. W.D. 2004) (quoting *State ex rel. Mink v. Wallace*, 84 S.W.3d 127, 129 (Mo. App. E.D. 2002)). "A party establishes standing, therefore, by showing that it has 'some legally protectable interest in the litigation so as to be directly and adversely affected by its outcome.'" *Schweich*, 408 S.W.3d at 775 (quoting *Mo. State Med. Ass'n. v. State*, 256 S.W.3d 85, 87 (Mo. banc 2008)). "Absent standing, the court lacks the power to grant the relief requested." *Cook*, 143 S.W.3d at 711.

"An individual shareholder does not have standing to maintain a personal action for recovery of corporate funds." *Bruner v. Workman Oil Co.*, 78 S.W.3d 801, 804 (Mo. App. S.D. 2002). The reason for this rule is that "[a]ny injury is to the corporation, not to individual shareholders[.]" *Id.* (quoting *Dawson v. Dawson*, 645 S.W.2d 120, 125 (Mo. App. W.D. 1982)). Remedy in

4

such situations should be had by way of a shareholders' derivative action. ***Id.***; *see also **Cook***, 143 S.W.3d at 711. "The courts have adopted this rule because, since the wrong is against the corporation, judgment in favor of one stockholder would be no bar to the maintenance of additional actions for the same wrong to the corporation by other shareholders or by a creditor." ***Bruner***, 78 S.W.3d at 804 (quoting ***Centerre Bank of Kansas City Nat. Ass'n. v. Angle***, 976 S.W.2d 608, 613 (Mo. App. W.D. 1998)).

Here, the property belonged to Pullen Farm before the challenged transactions. Any interest in that property which Plaintiffs had arose based on their status as shareholders of Pullen Farm. They had no standing to sue third parties in their individual capacities. *See **id.***

Plaintiffs attempt to avoid this conclusion by reference to Section 351.400. This reliance is misplaced because it overlooks the specific remedies for violation of Section 351.400 provided in Section 351.405. Section 351.400 provides procedures to be followed when a corporation sells, leases, or disposes of all or substantially all of its property and assets. As relevant to the present case, Section 351.400 requires written notice of the shareholders' meeting at which the decision is to be made and, at that meeting, "the affirmative vote of the holders of at least two-thirds of the outstanding shares entitled to vote at such meeting[.]" § 351.400(3). Under the allegations in the petition, which this Court must take as true given the procedural posture of this case, these conditions were not met. However, that fact does not end the inquiry.

"[T]he purpose of section 351.400 is to protect the stockholders of the corporation. It does not implicate public policy and a sale not in compliance with

its procedures is not 'of necessity, unlawful or void.'" ***Cowbell, LLC v. BORC Building and Leasing Corp.***, 328 S.W.3d 399, 404 (Mo. App. W.D. 2010) (quoting ***Beaufort Transfer Co. v. Fischer Trucking Co.***, 451 S.W.2d 40, 43 (Mo. banc 1970)).  For this reason, the statute does not give minority, dissenting shareholders a right to follow the assets into the hands of innocent third-party purchasers.  Instead, "the rights of the dissenting shareholders are defined in Section 351.405[.]" ***In re Landau Boat Co.***, 13 B.R. 788, 794 (W.D. Mo. 1981) (applying Missouri law) (overruled on other grounds by ***In re Gilbert***, 104 B.R. 90 (W.D. Mo. 1989)).  Section 351.405 provides, among other things, that upon a sale or disposition of all or substantially all of the property or assets of a corporation, any dissenting shareholders may make demand *on the corporation* to have their stock redeemed and, if the corporation refuses, the dissenting shareholders may file a petition *against the corporation* in an appropriate court.  § 351.405.  Section 351.405 demonstrates that Section 351.400 does not create a private right of action for shareholders against innocent purchasers of corporate property.  Rather, the private right of action created by the statute, if such right exists, is against the corporation.

To support their argument to the contrary, Plaintiffs rely on ***Kaufman v. Henry***, 520 S.W.2d 152 (Mo. App. St. L. D. 1975), and ***Shell v. Conrad***, 153 S.W.2d 384 (Sfg. Ct. App. 1941), for the proposition that "[w]hen dissenting shareholders can prove the corporate board members or officers failed to comply with § 351.400, the pretended transfer of corporate assets is void and a nullity." This reliance is misplaced because those cases applied the law in existence before the enactment of Section 351.395.  More recent cases have correctly held that "a

6

transaction which does not follow the prescribed procedure is not, of necessity, unlawful or void." ***Beaufort***, 451 S.W.2d at 43; *see also **Cowbell***, 328 S.W.3d at 404. Plaintiffs' remedy, if they have one, is by shareholders' derivative suit. *See* § 395.395(2).

Because Plaintiffs do not have standing and "[a]bsent standing, the court lacks the power to grant the relief requested[,]" ***Cook***, 143 S.W.3d at 711, the trial court correctly dismissed the petition. In view of that conclusion, we need not reach Plaintiffs' remaining arguments.

## Decision

The trial court's judgment of dismissal is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS